UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Rickie Hill, | Case No.: 2:20-cv-00684-APG-NJK |
| Plaintiff | **Order Denying (1) Emergency Motion for Injunction and (2) Motion for Order to Show Cause** |
| v. | |
| Douglas R. Rands, et al., | [ECF Nos. 31, 32] |
| Defendants | |

Plaintiff Rickie Hill filed an emergency motion seeking an affirmative injunction to move him to a new unit in the prison where he is incarcerated. ECF No. 31. He also filed a motion seeking an order requiring a deputy attorney general to show cause why he did not participate in a telephone call he had allegedly arranged with Hill. ECF No. 32. I deny both of these motions.

**Emergency Motion Seeking Injunction (ECF No. 31)**

Hill's motion for injunctive relief does not comply with Local Rule 7-4 governing emergency motions. More importantly, he fails to demonstrate "a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 635 (9th Cir. 2015). Hill's remaining claim in this case alleges retaliation by a Senior Deputy Attorney General. ECF No. 8 at 9. His motion seeks an injunction moving him to a new location within the prison. There is no nexus between the claim and the relief requested in the motion.

Nor has Hill addressed, let alone satisfied, the standard for injunctive relief set forth in *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). I will not make his arguments for him.

Finally, mandatory injunctions like the one Hill seeks are "particularly disfavored." *Anderson v. U.S.*, 612 F.2d 1112, 1114 (9th Cir. 1979).  Under the Prison Litigation Reform Act, preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm the court finds requires preliminary relief," and must be "the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).  Additionally, courts are not to "micro manage (sic) prison administration" through injunctions. *Armstrong v. Brown*, 768 F.3d 975, 983 (9th Cir. 2014) (quotations and citations omitted).  Hill's motion would have me violate all of these precepts.  I will not do so.

**Motion for Order to Show Cause (ECF No. 32)**

Hill does not offer a significant basis for this court's investigation into whether and why an attorney did not participate in scheduled phone calls.  I deny the motion.

**Conclusion**

I THEREFORE ORDER that plaintiff Hill's motions **(ECF Nos. 31, 32) are DENIED**.

Dated: May 12, 2022

_____
U.S. District Judge