UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| IN RE RICKIE HILL CASES | 2:20-cv-00684-APG-NJK |
| | 2:20-cv-01655-KJD-DJA |

**Order denying Hill's emergency motions**

Before the Court are Plaintiff Rickie Hill's emergency motions regarding the terms of the global settlement resolving his 37 prisoner-litigation civil-rights matters.  (2:20-cv-00684-APG-NJK ("Rands Action") at ECF Nos. 45, 46, 47, 55, 56, 57); (2:20-cv-01655-KJD-DJA ("Harper Action") at ECF No. 33).  Also before the Court is Hill's motion to update his address and require High Desert State Prison ("HDSP") staff to pick up his mail.  (Rands Action at ECF No. 59).  Because the provision of the parties' settlement agreement from which most of Hill's grievances stem—the out-of-state transfer provision—has been accomplished, Hill's emergency motions are moot.  And because Hill's address has been updated and he is no longer at the HDSP, his motion to change his address and require HDSP staff to pick up his mail is moot.

I.      **Discussion.**

In his emergency motions to enforce settlement, Hill asserts that the prison did not give him a signed copy of the settlement, is stalling his agreed-upon out-of-state transfer to give other inmates an opportunity to kill him, gave him used shoes, gave him a used shirt of the wrong color, and gave him a used hot pot instead of a new one.  (Rands Action at ECF No. 45); (Harper Action at ECF No. 33).  Hill then filed two emergency motions to intervene.  (Rands Action at ECF Nos. 46, 47).  In those, he asserts that other inmates are poisoning his food and that the prison is requiring him to roll up his items too early before his transfer, which Hill speculates is a ploy to break his items before he leaves.  (*Id.*).  The Court ordered Defendants to respond to Hill's

emergency motions on an expedited basis. (Rands Action at ECF No. 48); (Harper Action at ECF No. 36). Defendants responded that they had provided Hill a copy of the settlement agreement; that Hill had already been transferred from Ely State Prison ("ESP") to HDSP pending his out-of-state transfer and thus, any conspiracies to kill him are moot; that Hill's property was secured for transport (attaching photos of his property); and that Hill was not guaranteed a specific shirt or new shoes under the settlement agreement nor was he entitled to a hot pot. (Rands Action at ECF No. 52); (Harper Action at ECF No. 38).

On February 9, 2023, Hill was transferred from ESP to HDSP to await his agreed-upon transfer out of state. (Rands Action at ECF Nos. 50, 56). Hill then filed three more emergency motions. (Rands Action at ECF Nos. 55, 56, 57). In his first, Hill asserts that he is being forced to pay $1,172.37 to ship his belongings to the out-of-state facility and that while he is waiting for his transfer, he has no access to his belongings, including clean clothes. (Rands Action at ECF No. 55). In his second motion, Hill asserts that, while awaiting transfer, he has been placed on the "nothing coming" list, which means that he receives no mail or e-filings and that none of his filings go out. (Rands Action at ECF No. 56).[1] And in his third motion, Hill asserts that his property has not yet arrived at the HDSP and that a corrections officer had intentionally failed to include some of Hill's property on his inventory list. (Rands Action at ECF No. 57). Hill also moved—in a non-emergency motion—to have his address changed on the docket and for the Court to require HDSP staff to pick up and deliver Hill's filings. (ECF No. 59). The Court again ordered expedited briefing on Hill's emergency motions. (Rands Action at ECF No. 60).

In their response, Defendants argue that the Court lacks jurisdiction to decide Hill's motions now that his cases have been dismissed with prejudice under the terms of the parties' settlement agreement. (Rands Action at ECF No. 61). They also point out that Hill's motions violate the Local Rules because they do not include legal authority under Local Rule 7-2(d) and

---

[1] Notably, Hill claims to have arrived at HDSP on February 9, 2023. (Rands Action at ECF No. 56). While he alleges that he has not received e-filings nor been able to file his own documents while at HDSP, he simultaneously asserts that he has received the Court's order filed on February 8, 2023, which was returned as undeliverable when mailed to ESP. (*Id.*). And Hill has filed multiple documents into this case since February 9, 2023. (ECF Nos. 55, 56, 57).

do not provide a statement about meet and confer efforts under Local Rule 7-4(a).  (*Id.* at 2-4). Regarding his first motion, Defendants point out that the Nevada Department of Corrections ("NDOC") is paying the cost of shipping Hill's belongings, not Hill.  (*Id.* at 4).  Regarding his second motion, Defendants point out that Hill has been filing items to his cases since he has been transferred to HDSP, belying his claims that he is being denied the ability to file or receive filings.  (*Id.*).  Regarding his third motion, Defendants assert that Hill's property is now in transit to his new, out-of-state facility.  (*Id.* at 4-5).  Defendants also point out—although not in response to Hill's motion to change address—that Hill has already successfully changed his address.  (*Id.*). Finally, Defendants assert that Hill is currently in transit to another state, so his filings are moot. (*Id.*).

      The Court denies all of Hill's emergency motions as moot and denies his motion to update his address and require HDSP staff to deliver his mail as moot.  Nearly all of Hill's complaints and requested relief deal with the conditions of his confinement at the ESP and HDSP.  But Hill has since been transported out of state, mooting his requested relief.  And Hill's concerns that do not deal with the conditions of his confinement at ESP or HDSP are also either moot or unsubstantiated.  Hill's complaint that he did not receive certain items to which he was entitled is not supported by the terms of the settlement agreement.  Hill's complaint that he will have to pay to ship his belongings is moot because NDOC will be paying for shipping.  And Hill's complaint that a corrections officer failed to mark some of his items down on his inventory is unsubstantiated because, as Hill alleges, he did not have his property to check whether the items were missing.  Instead, his allegation is speculative.  Finally, Hill's address has been updated on the docket and he is no longer at HDSP, mooting his motion to update his address and have HDSP staff deliver his mail.

///

///

///

**IT IS THEREFORE ORDERED** that Hill's emergency motions—(2:20-cv-00684-APG-NJK at ECF Nos. 45, 46, 47, 55, 56, 57) and (2:20-cv-01655-KJD-DJA at ECF No. 33)—and Hill's motion to update his address and have HDSP staff pick up his mail (2:20-cv-00684-APG-NJK at ECF No. 59) are **denied as moot.**

DATED: February 27, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE