UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKIE HILL, | Case No.: 2:20-cv-00684-APG-NJK |
| Plaintiff, | **Order Reversing Magistrate Judge's Order** |
| v. | [ECF Nos. 68, 69] |
| DOUGLAS R. RANDS AND AARON FORD, | |
| Defendants. | |

Plaintiff Rickie Hill moved for an order to show cause to, among other things, enforce a provision of the settlement agreement that resulted in the dismissal of this case. ECF No. 65. The defendants did not respond to the motion. Magistrate Judge Albregts granted it in part and ordered the defendants to file a status report. ECF No. 68. The defendants have now filed an appeal of that order, contending Judge Albregts lacked jurisdiction to enter his order because the case was dismissed. ECF No. 69.

I have reviewed the appeal, Judge Albregts' Order, and the underlying papers. The defendants are correct that this court lacks jurisdiction to enforce the settlement agreement.[1] The order dismissing this case was not conditioned upon satisfaction of the settlement agreement, and the order did not state that this court retained jurisdiction to enforce the settlement agreement. Therefore, the court lacks jurisdiction over Hill's motion.

> No case of ours asserts, nor do we think the concept of limited federal jurisdiction permits us to assert, ancillary jurisdiction over any agreement that has as part of its consideration the dismissal of a case before a federal court.

---

[1] Had the defendants made this argument in an opposition to the motion, it would have saved considerable judicial resources.

. . . .

> Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)[(A)](ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-382 (1994). Judge Albregts' Order is therefore contrary to law so I must vacate it. *See* Local Rule IB 3-1.

I HEREBY ORDER that Magistrate Judge Albregts' Order **(ECF No. 68) is vacated.** Because the defendants have already filed a status report based upon that Order, no further proceedings are necessary.

DATED this 2nd day of August, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE